UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLACKHEART RECORDS GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOT TOPIC, INC. AND BLACKHEART CLOTHING COMPANY, LLC, <br><br> Defendants. | Case No. 13-cv-4054 (DLC) <br><br><br> **ANSWER AND** <br> **COUNTERCLAIM** |

Defendants Hot Topic, Inc. ("Hot Topic") and Blackheart Clothing Company, LLC

("BCCL")(collectively "Defendants"), by and through their attorneys, Sheppard, Mullin, Richter

& Hampton LLP, hereby answer the Complaint by Plaintiff Blackheart Records Group, Inc.

("Plaintiff" or "BRGI") and allege additional or affirmative defenses as follows.

     1.     Defendants admit, with respect to Paragraph 1 of the Complaint, that Plaintiff has

alleged that this action purports to be an action arising under the false advertising and unfair

competition laws of the Lanham Act, New York General Business Law, and the common law of

the State of New York, but Defendants deny liability for any and all claims asserted by Plaintiff

for the reasons stated herein.  Except as so admitted, Defendants deny knowledge or information

sufficient to form a belief as to the remaining allegations of Paragraph 1 of the Complaint and,

therefore, deny same.

     2.     Defendants aver that the allegations of Paragraph 2 regarding subject matter

jurisdiction and venue constitute legal contentions and/or conclusions to which no response is

required.  To the extent that a response is required with respect to Paragraph 2 of the Complaint,

Defendants admit that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and

1338, but Defendants deny liability for any and all claims asserted by Plaintiff for the reasons

stated herein.  Except as so admitted, Defendants deny the remaining allegations of Paragraph 2.

3.     Defendants aver that the allegations of Paragraph 3 of the Complaint regarding

venue constitute legal contentions and/or conclusions to which no response is required.

4.     Defendants aver that the allegations of Paragraph 4 regarding personal matter

jurisdiction constitute legal contentions and/or conclusions to which no response is required.

5.     Defendant denies knowledge or information sufficient to form a belief as to the

allegations of Paragraph 5 of the Complaint and, therefore, denies same.

6.     Defendant Hot Topic admits that it is a corporation duly organized and existing

under the laws of the State of California, and that it is registered to do business in the State of

New York.

7.     Defendant BCCL admits that it is a limited liability company duly organized and

existing under the laws of the State of Delaware.

8.     Defendants deny knowledge or information sufficient to form a belief as to the

allegations of Paragraph 8 of the Complaint and, therefore, deny same.

9.     Defendants deny knowledge or information sufficient to form a belief as to the

allegations of Paragraph 9 of the Complaint and, therefore, deny same.

10.    Defendants deny knowledge or information sufficient to form a belief as to the

allegations of Paragraph 10 of the Complaint and, therefore, deny same.

11.    Defendants deny knowledge or information sufficient to form a belief as to the

allegations of Paragraph 11 of the Complaint and, therefore, deny same.

12.    Defendants deny knowledge or information sufficient to form a belief as to the

allegations of Paragraph 12 of the Complaint and, therefore, deny same.

13.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 13 of the Complaint and, therefore, deny same.

14.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 14 of the Complaint and, therefore, deny same.

15.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 15 of the Complaint and, therefore, deny same.

16.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 16 of the Complaint and, therefore, deny same.

17.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 17 of the Complaint and, therefore, deny same.

18.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 18 of the Complaint and, therefore, deny same.

19.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 19 of the Complaint and, therefore, deny same.

20.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 20 of the Complaint and, therefore, deny same.

21.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 21 of the Complaint and, therefore, deny same.

22.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 22 of the Complaint and, therefore, deny same.

23.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 23 of the Complaint and, therefore, deny same.

24.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 24 of the Complaint and, therefore, deny same.

25.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 25 of the Complaint and, therefore, deny same.

26.     Defendants deny the allegation that Plaintiff has used the name or designation "Blackheart" alone (i.e. without incorporating other terms, such as "Blackheart Records" or "Joan Jett and the Blackhearts").  Defendants deny the allegation that Plaintiff has ever used the name or designation "Blackheart" as a trademark.  Except as specifically denied, Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 26 of the Complaint and, therefore, deny same.

27.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 27 of the Complaint and, therefore, deny same.

28.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 28 of the Complaint and, therefore, deny same.

29.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 29 of the Complaint and, therefore, deny same.

30.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 30 of the Complaint and, therefore, deny same.

31.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 31 of the Complaint and, therefore, deny same.

32.     Defendants deny each and every allegation of Paragraph 32.

33.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 33 of the Complaint and, therefore, deny same.

34.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 34 of the Complaint and, therefore, deny same.

35.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 35 of the Complaint and, therefore, deny same.

36.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 36 of the Complaint and, therefore, deny same.

37.     Defendants admit that Hot Topic has operated retail stores since 1989.  Except as so admitted, Defendants deny each and every remaining allegation of Paragraph 37.

38.     Defendants admit that Hot Topic has made retail sales of tee shirts.  Except as so admitted, Defendants deny each and every remaining allegation of Paragraph 38.

39.     Defendants admit that Hot Topic has made retail sales of tee shirts bearing the name of the band "Joan Jett and the Blackhearts."  Defendants deny that a "Blackheart Family of Marks" exists, or that Plaintiff owns any such family of marks.  Except as so admitted and denied, Defendants deny each and every remaining allegation of Paragraph 39.

40.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 40 of the Complaint and, therefore, deny same.

41.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 41 of the Complaint and, therefore, deny same.

42.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 42 of the Complaint and, therefore, deny same.

43.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 40 of the Complaint and, therefore, deny same.

44.     Defendants admit that Paragraph 44 of the Complaint appears to contain screen images from the HOT TOPIC website.  Defendants deny that the merchandise identified in Paragraph 44 of the Complaint is presently offered for sale by Defendants.  Except as so admitted and denied, Defendants deny all remaining allegations of Paragraph 44.

45.     Defendants admit that Paragraph 45 of the Complaint appears to contain screen images from the HOT TOPIC website.  Defendants deny that the merchandise identified in Paragraph 45 of the Complaint is presently offered for sale by Defendants.  Except as so admitted and denied, Defendants deny all remaining allegations of Paragraph 45.

46.     Defendants deny that the "Joan Jett and the Blackhearts" merchandise identified in Paragraph 46 of the Complaint is presently offered for sale by Defendants.  Except as so denied, Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 46 of the Complaint and, therefore, deny same.

47.     Defendants admit that Hot Topic offers retail store services and online retail store services under its name and mark BLACKHEART, and that Hot Topic offers for sale and sells clothing and apparel, accessories, handbags, jewelry, watches, gifts, cosmetics and make-up under its name and mark BLACKHEART.  Except as so admitted, Defendants deny all remaining allegations of Paragraph 47.

48.     Defendants admit that Hot Topic uses the mark FOR GIRLS WHO ROCK AND ROLL on and it connection with its retail store services, online retail store services,  clothing, apparel, lingerie, jewelry, handbags, watches, gifts, and cosmetics.  Defendants deny knowledge or information sufficient to form a belief as to whether Joan Jett's "best known recording" is "I Love Rock N' Roll," and therefore denied the same.  Except as so admitted and denied, Defendant denies all remaining allegations of Paragraph 48.

49.    Defendants admit that Hot Topic has used internet advertisements similar to that shown in Paragraph 49 of the Complaint.  Except as so admitted, Defendants deny all remaining allegations of Paragraph 49.

50.    Defendants deny that a "Blackheart Family of Marks" exists, or that Plaintiff owns any such family of marks.  Except as so denied, defendants deny each and every remaining allegation of Paragraph 50.

51.    Defendants deny each and every allegation of Paragraph 51.

52.    Defendants deny each and every allegation of Paragraph 52.

53.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 53 of the Complaint and, therefore, deny same.

54.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 54 of the Complaint and, therefore, deny same.

55.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 55 of the Complaint and, therefore, deny same.

56.    Defendants deny each and every allegation of Paragraph 56.

57.    Defendants deny each and every allegation of Paragraph 57.

58.    Defendants deny that a "Blackheart Family of Marks" exists, or that Plaintiff owns any such family of marks.  Defendants deny knowledge or information sufficient to form a belief as to the allegations of any actual purchasers of Plaintiff's alleged goods and services, or any actual goods or services sold by Plaintiff as alleged in Paragraph 58 of the Complaint and, therefore, deny same.  Except as so denied, defendants deny each and every remaining allegation found in Paragraph 58.

## Count I: Federal  Trademark Infringement

59.     Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 58 of the Complaint with the same force and effect as if set forth herein.

60.     Defendants deny each and every allegation of Paragraph 60.

61.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 61 of the Complaint and, therefore, deny same.

62.     Defendants deny each and every allegation of Paragraph 62.

63.     Defendants deny each and every allegation of Paragraph 63.

64.     Defendants deny each and every allegation of Paragraph 64.

65.     Defendants deny each and every allegation of Paragraph 65.

## Count II: False Designation of Origin and Unfair Competition

66.     Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 65 of the Complaint with the same force and effect as if set forth herein.

67.     Defendants deny each and every allegation of Paragraph 67.

68.     Defendants deny each and every allegation of Paragraph 68.

69.     Defendants deny each and every allegation of Paragraph 69.

70.     Defendants deny each and every allegation of Paragraph 70.

71.     Defendants deny each and every allegation of Paragraph 71.

## Count III: Violation of New York General Business Law

72.     Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 71 of the Complaint with the same force and effect as if set forth herein.

73.     Defendants deny each and every allegation of Paragraph 73.

74.     Defendants deny each and every allegation of Paragraph 74.

75.     Defendants deny each and every allegation of Paragraph 75.

76.     Defendants deny each and every allegation of Paragraph 76.

77.     Defendants deny each and every allegation of Paragraph 77.

78.     Defendants deny each and every allegation of Paragraph 78.

### Count IV: Trademark Violation Under New York Common Law

79.     Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 78 of the Complaint with the same force and effect as if set forth herein.

80.     Defendants deny each and every allegation of Paragraph 80.

81.     Defendants deny each and every allegation of Paragraph 81.

82.     Defendants deny each and every allegation of Paragraph 82.

83.     Defendants deny each and every allegation of Paragraph 83.

84.     Defendants deny each and every allegation of Paragraph 84.

85.     Defendants deny each and every allegation of Paragraph 85.

### Count V: Unfair Competition Under New York Common Law

86.     Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 85 of the Complaint with the same force and effect as if set forth herein.

87.     Defendants deny each and every allegation of Paragraph 87.

88.     Defendants deny each and every allegation of Paragraph 88.

89.     Defendants deny each and every allegation of Paragraph 89.

90.     Defendants deny each and every allegation of Paragraph 90.

### AFFIRMATIVE DEFENSES

Without assuming any burden they would not otherwise bear, Defendants assert the following affirmative defenses to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Improper Venue)

Plaintiff's claims are barred in this Court for improper venue.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensible Parties)

Plaintiff's claims should be dismissed because of Plaintiff failed to join indispensible parties.

## COUNTERCLAIMS

Defendants/Counterclaimants, Hot Topic, Inc. ("Hot Topic") and Blackheart Clothing Company, LLC ("BCCL")(collectively, "Counterclaimants"), by and through their undersigned counsel of record, as and for their Counterclaims against Plaintiff/Counterclaim-Defendant Blackheart Records Group, Inc. ("Counterclaim-Defendant"), allege, upon knowledge as to their own acts and upon information and belief as to all other matters, as follows:

1.     These are counterclaims brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for the purpose of determining questions of actual controversy between Defendants and Plaintiff (defined terms from the Answer to the Complaint are incorporated herein by reference) as to (a) Defendants' rights in the names and marks BLACKHEART, BLACKHEART (Logo), BLACKHEART COUTURE, and BLACKHEART INTIMATES.  By this action, Counterclaimants seek a declaration that their use of the names and marks BLACKHEART, BLACKHEART (Logo), BLACKHEART COUTURE, and BLACKHEART INTIMATES on and in connection with retail store services, online retail store services, clothing, apparel, lingerie, jewelry, handbags, watches, gifts, and cosmetics, including the registration of the marks in the USPTO under Registration Nos. 4,301,448; 4,265,849; 4,293,453; 4,269,724; 4, 293, 363; 4,209,135; 4,255; 202; 4,334,981; and 4,172,841, does not infringe and is not likely to infringe any rights of Plaintiff.

### Parties

2.     Counterclaimant Hot Topic is a corporation duly organized and existing under the laws of the State of California with its principal place of business at City of Industry, California.

3.     Counterclaimant BCCL is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business at Thousand Oaks, California.

4.      Counterclaim-Defendant is a corporation duly organized and existing under the laws of the State of New York with its principal place of business in the State of New York.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121(a) and 1125(a) and 28 U.S.C. §§ 1331, 1338, and 1367.  Counterclaimants' claim for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.  This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship and the amount in controversy is over $75,000, exclusive of interest and costs.

6.      Venue is proper in this District under 28 U.S.C. §1391 because Counterclaim-Defendant resides in this judicial district.

## Counterclaimants' Business

7.      Hot Topic creates and markets young, trend-setting retail brands.

8.      Since 1989, Hot Topic has offered film, music and pop culture-related apparel and accessories, on-trend fashion apparel, lingerie, cosmetics and accessories.

9.      Hot Topic's brands – HOT TOPIC, TORRID, and BLACKHEART – operate in underserved niche markets and are characterized by their distinctive fashion points of view, and passionate, individualistic customers.

10.      The HOT TOPIC brand is a market-leading retailer of film, music and pop culture-related apparel and accessories, licensed merchandise, and fashion apparel and accessories for teens and young adults.

11.      The TORRID brand offers on-trend fashion, lingerie and accessories for young, stylish women who wear size 12 to 28.

12.      The BLACKHEART brand is a lingerie store concept targeting independent

young women ages 18-30 who consider lingerie to be a part of their fashion statement.  Hot

Topic offers a collection of bras, panties, corsets, hosiery, sleepwear, apparel, accessories and

beauty products under the BLACKHEART brand.

13.     Hot Topic operates over 825 retail stores under the HOT TOPIC, TORRID, and

BLACKHEART brands across all 50 states, Canada and Puerto Rico.

14.     Hot Topic operates on-line retail stores for each of the HOT TOPIC, TORRID,

and BLACKHEART brands.

**The Use and Registration of
the BLACKHEART Mark**

15.     Counterclaimants, through a predecessor in interest, have used the name and mark

BLACKHEART since 2003.

16.     BCCL owns the following trademark registrations in the United States Patent and

Trademark Office ("USPTO") for the BLACKHEART mark:

| Mark | Reg. No. | Reg. Date | Goods | First Use in Commerce |
|------|----------|-----------|-------|------------------------|
| BLACKHEART | 4301448 | March 12, 2013 | Clothing and apparel, namely loungewear, namely t-shirts and tank tops | March 27, 2003 |
| BLACKHEART | 4293363 | February 19, 2013 | Clothing and apparel, namely, lingerie, undergarments, panties, briefs, bras, pantyhose, slips, pajamas, loungewear, sleepwear, nightgowns, swimwear, swimsuit cover-ups, bathing suits, footwear | October 31, 2012 |
| BLACKHEART | 4269724 | January 1, 2013 | Retail store services and online retail store services featuring clothing and related accessories, handbags, jewelry, | November 8, 2012 |

-13-

| Mark | Reg. No. | Reg. Date | Goods | First Use in Commerce |
|------|----------|-----------|-------|------------------------|
|      |          |           | watches, gifts, cosmetics, and make-up |  |

17.     BCCL owns the following trademark applications in the USPTO for the

BLACKHEART mark:

| Mark | App. No. | App. Date | Goods | Published for Opposition |
|------|----------|-----------|-------|--------------------------|
| BLACKHEART | 85684578 | July 23, 2012 | Bangles; Body jewelry; Body-piercing studs; Bracelets; Charms; Clip earrings; Costume jewelry; Cuff links; Ear clips; Ear studs; Earrings; Hair jewelry in the nature of jewelry for use in the hair; Jewellery; Jewellery chains; Jewelry; Necklaces; Plastic bracelets in the nature of jewelry; Rings | December 25, 2012 |
| BLACKHEART | 85684602 | July 23, 2012 | All purpose sport bags; All-purpose carrying bags; Backpacks, book bags, sports bags, bum bags, wallets and handbags; Bags for carrying babies' accessories; Belt bags and hip bags; Billfolds; Briefcase-type portfolios; Briefcases; Business card cases; Canes and walking sticks; Clothing for animals; Clothing for domestic pets; Clutch purses; Coin purses; Collars for pets; Cosmetic carrying cases sold empty; Courier bags; Credit card holders; Duffel bags; Evening handbags; Fanny packs; Fashion handbags; Handbags; Handbags, | December 25, 2012 |

| Mark | App. No. | App. Date | Goods | Published for Opposition |
|------|----------|-----------|-------|--------------------------|
| | | | purses and wallets; Hobo bags; Knitted bags, not of precious metals; Leather bags and wallets; Luggage and trunks; Make-up bags sold empty; Men's clutch bags; Messenger bags; Purses; Satchels; Shoulder bags; Tote bags; Umbrellas and parasols; Walking stick handles; Wallets; Wristlet bags | |
| BLACKHEART | 85684603 | January 1, 2013 | Artificial flower arrangements; Artificial flowers; Artificial garlands and wreaths; Artificial plants; Barrettes; Belt buckles; Bobby pins; Body and clothing tape to hold up strapless gowns; Bows for gift wrapping; Braids; Brooches for clothing; Buttons; Charms for shoes; Clam clips for hair; Clasps for clothing; Clothing accessories, namely, charms for attachment to zipper pulls and buttons; Clothing accessories, namely, plastic clips that attach to the lower hem of shirts and blouses that allows the user to tighten the hem; Clothing buckles; Decorative ribbons; Embroidery; Fabric appliques; Feathers for ornamentation; Hair accessories, namely, claw clips; Hair accessories, namely, hair sticks; Hair accessories, namely, jaw clips; Hair accessories, namely, plastic styling inserts that create height and volume on the crown | December 25, 2012 |

| Mark | App. No. | App. Date | Goods | Published for Opposition |
|------|----------|-----------|-------|--------------------------|
|  |  |  | of the head; Hair accessories, namely, snap clips; Hair accessories, namely, twisters; Hair bands; Hair barrettes; Hair bows; Hair buckles; Hair chopsticks; Hair clamps; Hair clips; Hair elastics; Hair extensions; Hair nets; Hair netting; Hair ornaments; Hair ornaments in the form of combs; Hair ornaments in the nature of hair wraps; Hair pieces; Hair pins; Hair ribbons; Hair scrunchies; Hair slides; Laces for footwear; Ornaments for the hair; Ponytail holders; Ponytail holders and hair ribbons; Ribbons; Rubber bands for hair; Wigs, hairpieces, and add-in and add-on hair accessories constructed primarily of synthetic and/or human hair |  |

18.     Hot Topic Merchandising Inc., which licenses intellectual property rights in connection with HOT TOPIC and BLACKHEART stores to Hot Topic, owns the following trademark registrations for the BLACKHEART mark in the USPTO:

| Mark | Reg. No. | Reg. Date | Goods | First Use in Commerce |
|------|----------|-----------|-------|------------------------|
| BLACKHEART | 4334981 | May 14, 2013 | Gift bags; Gift boxes; Gift wrap paper; Non-magnetically encoded prepaid purchase cards for allowing users to transfer financial value on-line via retail computer networks; Temporary tattoos | November 8, 2012 |

| Mark | Reg. No. | Reg. Date | Goods | First Use in Commerce |
|------|----------|-----------|-------|----------------------|
| BLACKHEART | 4172841 | July 10, 2012 | Cosmetics and make-up; Glitter for cosmetic purposes; Make-up kits comprised of eyeshadows, lipsticks, and blush | March 1, 2012 |

19.     Counterclaim-Defendant did not object to the registration of the BLACKHEART marks in the USPTO by BCCL and Hot Topic Merchandising.

20.     Counterclaim-Defendant failed to oppose the pending applications filed by BCCL for registration of the BLACKHEART marks in the USPTO.

21.     Counterclaimants, through a predecessor in interest, have made continuous use of the BLACKHEART mark in interstate commerce in connection with clothing and apparel since March 2003.  This use has expanded to retail store services, online retail store services, and a substantial array (set forward in the applications and registrations above) of accessories, handbags, jewelry, watches, gifts, hair accessories, cosmetics, make-up and bags.

**The Use and Registration of**
**the BLACKHEART Logo Mark**

22.     BCCL owns a logo mark that incorporates a white cross superimposed over a black heart-shaped design (the "BLACKHEART Logo" mark).

23.     BCCL owns the following trademark registrations in the USPTO for the BLACKHEART Logo mark:

| Mark | Reg. No. | Reg. Date | Goods | First Use in Commerce |
|------|----------|-----------|-------|----------------------|
| BLACKHE♥RT | 4265849 | December 25, 2012 | Retail store services and online retail store services featuring clothing and related accessories, handbags, | November 8, 2012 |

| Mark | Reg. No. | Reg. Date | Goods | First Use in Commerce |
|------|----------|-----------|-------|----------------------|
| | | | jewelry, watches, gifts, cosmetics, and make-up | |
| BLACKHE♥RT | 4293453 | February 19, 2013 | Clothing and apparel, namely, lingerie, undergarments, panties, briefs, bras, pantyhose, slips, pajamas, loungewear, sleepwear, nightgowns, swimwear, swimsuit cover-ups, bathing suits, footwear | October 31, 2012 |
|  | 4265848 | December 25, 2012 | Retail store services and online retail store services featuring clothing and related accessories, handbags, jewelry, watches, gifts, cosmetics, and make-up | November 8, 2012 |
|  | 4265847 | December 25, 2012 | Clothing and apparel, namely, dresses, skirts, blouses, jackets, pants, shirts, knit shirts, shorts, t-shirts, printed T-shirts, sweaters, lingerie, pajamas, nightgowns, robes, loungewear, slips, undergarments, panties, sweatpants, sweatshirts, swimwear, swimsuit cover-ups, tights, tank tops, briefs, hosiery, shawls, bras, nightgowns, sleepwear; outerwear, namely, vests | November 14, 2012 |

24.     Counterclaim-Defendant did not object to the registration of the BLACKHEART

Logo marks in the USPTO by BCCL

25.     Counterclaimants have made continuous use of the BLACKHEART Logo mark in interstate commerce in connection with clothing and apparel, retail store services and online retail store services since 2012.

**The Use and Registration of**
**the BLACKHEART COUTURE Mark**

26.     Counterclaimants, through a predecessor in interest, have used the name and mark BLACKHEART COUTURE since 2003.

27.     BCCL owns the following trademark registration in the USPTO for the BLACKHEART COUTURE mark:

| Mark | Reg. No. | Reg. Date | Goods | First Use in Commerce |
|------|----------|-----------|-------|----------------------|
| BLACKHEART COUTURE | 4309135 | March 26, 2013 | Clothing and apparel, namely, loungewear, namely, t-shirts and tank tops | March 27, 2003 |

28.     Counterclaim-Defendant did not object to the registration of the BLACKHEART COUTURE mark in the USPTO by BCCL.

29.     Counterclaimants, through a predecessor in interest, have made continuous use of the BLACKHEART mark in interstate commerce in connection with clothing and apparel since March 2003.

**The Use and Registration of**
**the BLACKHEART INTIMATES Mark**

30.     Hot Topic Merchandising Inc., which licenses intellectual property rights in connection with HOT TOPIC and BLACKHEART stores to Hot Topic, owns the following trademark registration for the name and mark BLACKHEART INTIMATES in the USPTO:

| Mark | Reg. No. | Reg. Date | Goods | First Use in Commerce |
|---|---|---|---|---|
| BLACKHEART INTIMATES | 4255202 | December 4, 2012 | Bras, lingerie, panties | March 15, 2012 |

31.     Counterclaim-Defendant did not object to the registration of the BLACKHEART INTIMATES mark in the USPTO by Hot Topic Merchandising Inc.

32.     Counterclaimants have made continuous use of the BLACKHEART INTIMATES mark in interstate commerce in connection with bras, lingerie, and panties since March 2012.

**Counterclaim-Defendant's Acts**

33.     Long after the adoption and first use of the BLACKHEART name and mark by Counterclaimants as alleged above, Counterclaim-Defendant has attempted to use the name BLACKHEART in connection with limited items of apparel.

34.     In 2009, Counterclaim-Defendant filed a series of "intent to use" trademark applications in the USPTO for the designation "Blackheart" (the "2009 Blackheart Applications").

35.     Counterclaim-Defendant did not claim any use of the designation "Blackheart" in the 2009 Blackheart Applications.

36.     The 2009 Blackheart Applications covered "Pocketbooks; Shoulder bags" (App. Ser. No. 77884166); and "Jackets; Jeans; Long-sleeved shirts; Pants; Socks; Sweat shirts; Tee shirts" (App. Ser. No. 77884162).

37.     The 2009 Blackheart Applications were abandoned when Counterclaim-Defendant failed to submit evidence to the USPTO that it was making any use of the designation "Blackheart" in connection with any of the goods subject of the applications, namely, pocketbooks; shoulder bags; jackets; jeans; long-sleeved shirts; pants; socks; sweat shirts; and/or

tee shirts.

38.     In 2009, Counterclaim-Defendant filed a series of "intent to use" trademark applications in the USPTO for the designation "Blackheart Jeans" (the "2009 Blackheart Jeans Applications").

39.     Counterclaim-Defendant did not claim any use of the designation "Blackheart Jeans" in the 2009 Blackheart Jeans Applications.

40.     The 2009 Blackheart Jeans Applications covered "Pocketbooks; Shoulder bags" (App. Ser. No. 77884188); "Jewelry" (App. Ser. No. 77884184) and "Jackets; Jeans; Pants; Socks; Sweat shirts; Tee shirts" (App. Ser. No. 77884176).

41.     The 2009 Blackheart Jeans Applications were abandoned when Counterclaim-Defendant failed to submit evidence to the USPTO that it was making any use of the designation "Blackheart Jeans" in connection with any of the goods subject of the applications, namely, pocketbooks; shoulder bags; jewelry; jackets; jeans; pants; socks; sweat shirts; and/or tee shirts.

42.     Upon information and belief, Counterclaim-Defendant has never offered for sale or sold any product bearing the name, claimed mark or designation "blackheart" alone (i.e. without incorporating other terms, such as "Blackheart Records" or "Joan Jett and the Blackhearts").

## FIRST CAUSE OF ACTION

### (Declaratory Judgment)

43.     Counterclaimants repeat and reallege each of the allegations set forth in paragraphs 1 through 42 above, as if fully set forth herein.

44.     By virtue of the position that the Plaintiff/Counterclaim-Defendant has taken in the underlying Complaint against the Defendants/Counterclaimants, a justiciable controversy

exists concerning the parties' rights and obligations with respect to the names and marks BLACKHEART, BLACKHEART (Logo), BLACKHEART COUTURE, and BLACKHEART INTIMATES.

45.     In the absence of a timely resolution of this dispute, Counterclaimants will be subject to a possible injunction based on the uncertainty of the proper use of the names and marks BLACKHEART, BLACKHEART (Logo), BLACKHEART COUTURE, and BLACKHEART INTIMATES, which are currently in active use by certain Counterclaimants, without any opportunity to mitigate their alleged liabilities.

46.     Counterclaimants desire to put this dispute between the parties and any alleged liabilities to rest once and for all, and this dispute will be completely resolved if the Court determines the issues herein.

47.     Accordingly, Counterclaimants seek a declaration (a) that the continued use of the names and marks BLACKHEART, BLACKHEART (Logo), BLACKHEART COUTURE, and BLACKHEART INTIMATES in connection with retail store services, online retail store services, clothing, apparel, lingerie, jewelry, handbags, watches, gifts, and cosmetics, including the goods and services identified in Registration Nos. 4,301,448; 4,265,849; 4,293,453; 4,269,724; 4, 293, 363; 4,209,135; 4,255; 202; 4,334,981; and 4,172,841 in the USPTO as well as Trademark Application Serial Nos. 85684578, 85684602 , and 85684603 in the USPTO, and (b) that the registration of the marks BLACKHEART, BLACKHEART (Logo), BLACKHEART COUTURE, and BLACKHEART INTIMATES by Counterclaimants in the USPTO, could not and do not violate any valid trademark rights of the Counterclaim-Defendants under the Lanham Act or at common law

**WHEREFORE**, Counterclaimants respectfully request that the Court enter a judgment in their favor and against Counterclaim-Defendant, providing for the following relief:

i.     A declaration that Counterclaimants that the continued use in interstate commerce by Counterclaimants of the names and marks BLACKHEART, BLACKHEART (Logo), BLACKHEART COUTURE, and BLACKHEART INTIMATES on and in connection with retail store services, online retail store services, clothing, apparel, lingerie, jewelry, handbags, watches, gifts, and cosmetics, could not and do not violate any valid trademark rights of the Counterclaim-Defendant under the Lanham Act or at common law;

ii.    Awarding Counterclaimants their costs, expenses, and reasonable attorneys' fees to the extent allowed by law; and

iii.   For such other and further relief as the Court deems just and proper.

Dated:  New York, New York          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
        August 30, 2013

                                    By:  /s/     Paul W. Garrity
                                            Paul W. Garrity
                                            Rena Andoh
                                            Tyler E. Baker

                                    30 Rockefeller Plaza
                                    New York, New York 10112
                                    Telephone:  (212) 653-8700

                                    *Attorneys for Defendants Hot Topic, Inc.
                                    and Blackheart Clothing Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 30, 2013, I caused a true and correct copy of the foregoing Answer and Counterclaims to be filed electronically and served by mail on any person unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any person unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.


/s/___Paul W. Garrity_____
            Paul W. Garrity