**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BLACKHEART RECORDS GROUP, INC.,

        Plaintiff,

          v.

HOT TOPIC, INC. AND BLACKHEART
CLOTHING COMPANY, LLC,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case  No. 13-cv-4054 (DLC)

---

## PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM

---

Plaintiff Blackheart Records Group, Inc. ("Plaintiff"), by their counsel, Baker Hostetler, for their Answer to the Counterclaim in this action (the "Counterclaim"), filed by Defendants Hot Topic, Inc. ("Hot Topic") and Blackheart Clothing Company, LLC ("BCCL" and collectively with Hot Topic, the "Defendants"), hereby respond in like numbered paragraphs as follows:

*1.* In response to Paragraph 1 of the Counterclaim, Plaintiff avers that the same constitutes legal contentions and/or conclusions to which no response is required.

*2.*      In response to Paragraph 2 of the Counterclaim, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

*3.*      In response to Paragraph 3 of the Counterclaim, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

*4.*      In response to Paragraph 4 of the Counterclaim, Plaintiff admits the allegations contained therein.

*5.*      In response to Paragraph 5 of the Counterclaim, Plaintiff admits the allegations contained therein.

*6.*      In response to Paragraph 6 of the Counterclaim, Plaintiff admits the allegations contained therein.

*7.*      In response to Paragraph 7 of the Counterclaim, Plaintiff admits that Hot Topic creates and markets retail brands and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*8.*      In response to Paragraph 8 of the Counterclaim, Plaintiff denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*9.*      In response to Paragraph 9 of the Counterclaim, Plaintiff denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*10.*      In response to Paragraph 10 of the Counterclaim, Plaintiff denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*11.*      In response to Paragraph 11 of the Counterclaim, Plaintiff denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*12.*      In response to Paragraph 12 of the Counterclaim, Plaintiff denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*13.*      In response to Paragraph 13 of the Counterclaim, Plaintiff denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*14.*      In response to Paragraph 14 of the Counterclaim, Plaintiff denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*15.*      In response to Paragraph 15 of the Counterclaim, Plaintiff denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*16.*      In response to Paragraph 16 of the Counterclaim, Plaintiff admits that BCCL is listed as the owner of the referenced registrations but otherwise denies knowledge or

information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*17.*      In response to Paragraph 17 of the Counterclaim, Plaintiff admits that BCCL is listed as the owner of the referenced registrations but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*18.*      In response to Paragraph 18 of the Counterclaim, Plaintiff admits that Hot Topic Merchandising, Inc. is listed as the owner of the referenced registrations but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*19.*      In response to Paragraph 19 of the Counterclaim, Plaintiff states that it was unaware of the referenced registrations and applications in the USPTO by BCCL and Hot Topic Merchandising, Inc. and brought this action to protect its rights, and this action is an objection to such registrations and applications.

*20.*      In response to Paragraph 20 of the Counterclaim, Plaintiff avers that it was previously unaware of the referenced pending applications filed by BCCL in the USPTO, and admits that it elected to bring this action instead of bringing separate proceedings in the USPTO.

*21.*      In response to Paragraph 21 of the Counterclaim, Plaintiff admits that Defendants have used the referenced marks, but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*22.*      In response to Paragraph 22 of the Counterclaim, Plaintiff denies the allegations set forth therein.

*23.*     In response to Paragraph 23 of the Counterclaim, Plaintiff admits that BCCL is listed as the owner of the referenced registrations but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*24.*     In response to Paragraph 24 of the Counterclaim, Plaintiff states that it was unaware of the referenced registrations and applications in the USPTO by BCCL and brought this action to protect its rights, and this action is an objection to such registrations and applications.

*25.*     In response to Paragraph 25 of the Counterclaim, Plaintiff admits that Defendants have used the referenced marks, but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*26.*     In response to Paragraph 26 of the Counterclaim, Plaintiff admits that Defendants have used the referenced mark, but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*27.*     In response to Paragraph 27 of the Counterclaim, Plaintiff admits that BCCL is listed as the owner of the referenced registration but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*28.*     In response to Paragraph 28 of the Counterclaim, Plaintiff states that it was unaware of the referenced registration and application in the USPTO by BCCL and brought this action to protect its rights, and this action is an objection to such registration and applications.

*29.*       In response to Paragraph 29 of the Counterclaim, Plaintiff admits that Defendants have used certain marks using the Blackheart name in commerce, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*30.*       In response to Paragraph 30 of the Counterclaim, Plaintiff admits that Hot Topic Merchandising, Inc. is listed as the owner of the referenced registration but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*31.*       In response to Paragraph 31 of the Counterclaim, Plaintiff states that it was unaware of the referenced registration and application in the USPTO by Hot Topic Merchandising, Inc. and brought this action to protect its rights, and this action is an objection to such registration and application.

*32.*       In response to Paragraph 32 of the Counterclaim, Plaintiff admits that Defendants have used certain marks using the Blackheart Intimates name in commerce, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*33.*       In response to Paragraph 33 of the Counterclaim, Plaintiff denies the allegations contained therein.

*34.*       In response to Paragraph 34 of the Counterclaim, Plaintiff admits the allegations contained therein.

*35.*       In response to Paragraph 35 of the Counterclaim, Plaintiff admits the allegations contained therein.

*36.*     In response to Paragraph 36 of the Counterclaim, Plaintiff admits the allegations contained therein.

*37.*     In response to Paragraph 37 of the Counterclaim, Plaintiff admits that the 2009 Blackheart Applications were abandoned and otherwise denies the allegations contained therein.

*38.*     In response to Paragraph 38 of the Counterclaim, Plaintiff admits the allegations contained therein.

*39.*     In response to Paragraph 39 of the Counterclaim, Plaintiff admits the allegations contained therein.

*40.*     In response to Paragraph 40 of the Counterclaim, Plaintiff admits the allegations contained therein.

*41.*     In response to Paragraph 41 of the Counterclaim, Plaintiff admits that the 2009 Blackheart Jeans Applications were abandoned and otherwise denies the allegations contained therein.

*42.*     In response to Paragraph 42 of the Counterclaim, Plaintiff denies the allegations contained therein.

*43.*     In response to the incorporation in Paragraph 43 of the Counterclaim, Plaintiff admits the incorporation subject to its responses in paragraphs 1 through 42 hereof, as though the contents thereof were fully set forth herein to respond to the incorporation.

*44.*     In response to Paragraph 44 of the Counterclaim, Plaintiff admits the allegations contained therein.

*45.*     In response to Paragraph 45 of the Counterclaim, Plaintiff admits the allegations contained therein.

*46.*     In response to Paragraph 46 of the Counterclaim, Plaintiff denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies the same.

*47.*     In response to the allegations set forth in Paragraph 47 of the Counterclaim, Plaintiff avers that the same constitutes legal contentions and/or conclusions to which no response is required.

**AFFIRMATIVE DEFENSES**

*48.*     The Counterclaim fails to state a cause of action upon which relief can be granted.

*49.*     The Counterclaim is barred under the doctrine of laches.

*50.*     The Counterclaim is barred under the doctrine of estoppel.

*51.*     The Counterclaim is barred under the doctrine of waiver.

*52.*     The Counterclaim is barred under the doctrine of acquiescence.

*53.*     The Counterclaim is barred due to the Defendants' unclean hands.

[*The Rest of this Page is Intentionally Left Blank*]

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and:

        (a)     dismiss Defendants' Counterclaim, with prejudice;

        (b)     award Plaintiff its costs and attorney fees; and

        (c)     grant Plaintiff such further relief as this Court deems just and proper.


        Respectfully submitted,

        **BAKER HOSTETLER, LLP**

Dated:    September 24, 2013
          New York, New York

        By:  _s/ Oren J. Warshavsky_____
        Oren J. Warshavsky
        Email: owarshavsky@bakerlaw.com
        Donna A. Tobin
        Email: dtobin@bakerlaw.com
        Carrie Longstaff
        Email: clongstaff@bakerlaw.com
        Jessie A. Kuhn
        Email: jkuhn@bakerlaw.com
        45 Rockefeller Plaza
        New York, New York  10111
        Telephone: (212) 589-4624
        Facsimile: (212) 589-4201

        *Attorneys for Plaintiff*
        *Blackheart Records Group, Inc.*

## CERTIFICATE OF SERVICE

I, Oren J. Warshavsky, hereby certify that on September 24, 2013 the foregoing **PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM** was electronically filed with the Clerk of Court and served upon counsel for defendants via electronic mail through the Court's ECF filing system.

 s/ Oren J. Warshavsky
Oren J. Warshavsky